Affirmed and Opinion filed _____________, 2002
















Affirmed as Reformed and Opinion filed February 20, 2003.                                               

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01198-CR

____________

 

NOE BELTRAN,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from 278th District Court

                                                          Walker
 County, Texas

Trial Court Cause
No. 18,655-C




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



O P I N I
O N

            In 1989, a Walker
 County jury found that appellant,
while serving time in prison for one murder, had committed another.  The jurors were charged as to both capital
murder and murder; they convicted him of the former.  In 1993, the Court of Criminal Appeals
reversed, finding insufficient evidence of remuneration.  Tex. Pen. Code Ann. § 19.03(a)(3);
Beltran v. State, No. 70,888 (Tex. Crim. App. Apr. 28, 1993) (not designated for publication).

            In 1995, a new indictment was issued
charging appellant with murder based on the same occurrence.  He was again convicted, and punishment
assessed at 50 years’ imprisonment and a $10,000 fine.  The trial court credited this sentence with
time served between his first indictment (August 25, 1988) and second
conviction (October 25, 2001).  It is from this judgment that both parties
appeal.

1. Double Jeopardy

            Appellant argues his second trial
was barred by double jeopardy.  He has
already made this argument twice—in unsuccessful habeas and appeal
proceedings—in the First Court of Appeals. 
Beltran v.
State, No. 01-97-00105-CR (Tex. App.—Houston [1st Dist.] Mar. 4, 1999) (not designated
for publication); Beltran v. State, No.
01-97-00105-CR. (Tex. App.—Houston [1st Dist.] Mar.
 30, 2000) (not designated for publication).  We agree with our sister court that the Court
of Criminal Appeals has decided this precise issue adversely to appellant: a
defendant whose capital murder conviction is reversed for insufficient evidence
of remuneration can be retried for murder. 
See Ex Parte
Granger, 850 S.W.2d 513, 515 (Tex. Crim. App. 1993).

2. Law of the Case

            In reversing his capital murder
conviction, the Court of Criminal Appeals stated “the judgment is reversed, and
the cause is remanded to the trial court with instructions to order an
acquittal.”  Appellant asserts he cannot
be retried for murder, as this order constitutes the law of the case.  But the only charge on appeal earlier was
capital murder; acquittal of capital murder does not establish any rule as to
murder, as insufficient evidence of remuneration would have no bearing on the
latter.  See Tex. Pen.
Code Ann. §§ 19.02, 19.03(a)(3); see also Granger, 850 S.W.2d at 516.  We hold the law of the case doctrine is inapplicable.

3. The Indictment

In his third point of error, appellant contends the trial
court should have dismissed his second indictment with prejudice because he was
incarcerated too long before it was issued. 
See Act of May 27, 1965, 59th Leg., R.S. ch. 722, § 1, 1965 Tex.
Gen. Laws 317, 441 (amended 1997) (current version at Tex. Code Crim. Proc. art. 32.01;[1] Tex. Code Crim. Proc. art. 28.061[2]).  This complaint is
waived if it is not raised before the indictment is returned.  See Brooks v. State, 990 S.W.2d
278, 285 (Tex. Crim. App. 1999).  Appellant did not file his motion to dismiss
until January 2000, almost five years after the indictment issued.  This was too late.  Id.

4. Prison Gang Membership

In his fourth point, appellant contends admission of evidence
of his membership in the Texas Syndicate (a prison gang) violated the rules of
evidence.  Tex. R. Evid. 403;
404(b).  Several inmates and
fellow members of the gang testified at trial that the victim—the acting
chairman of the Syndicate at the Ellis 1 unit—was making personal use of narcotics
smuggled into prison by the gang for drug-trafficking activities.  They testified appellant murdered the victim
as retribution, and was rewarded by replacing him as acting chairman.  Appellant’s gang-affiliation was not only
relevant but absolutely critical to show the motive for his crime.  See Vasquez
v. State, 67 S.W.3d 229, 240 (Tex.
Crim. App. 2002). 
Admission of this evidence was proper.

5. Improper Comments by the Trial Court

            Appellant next argues that the
following comment by the trial judge during voir dire tainted the jury and constituted fundamental error:

THE
COURT:      Any
of you for any reason could not give an inmate a fair trial for any
reason?  In other words, if you’ve been
at TDC so long that you’re soured on the world or soured on Defendants or
soured on -- that's understandable but it wouldn’t be right if you couldn’t
give a person who is an inmate a fair trial. 
So if there is anybody there that can’t give an inmate a fair trial
speak up now or forever hold your peace. 
Because this country, you know, if you read the papers, a dog will bite
a child.  In this country the dog gets a
trial.  So I’m telling you we are fair in
this country.  That makes it more
democratic.  So listen to the lawyers and
answer truthfully.

After
a brief discussion at the bench, the trial judge continued: 

THE
COURT:      Inmates are entitled to a fair
trial.  If I’m calling him [appellant] a
dog I absolutely apologize.  I didn’t
mean to offend him….  I didn’t mean to
offend you.  I don’t think he’s a
dog.  He’s a human being and entitled to
all the rights that all of us have.  

Appellant
made no objection, at least none that appears in our record. 

            Fundamental error must be so
egregious it prevents a fair and impartial trial.  Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). 
Undoubtedly, the trial judge’s attempt at folksy humor was both reckless
and injudicious.  But we fail to see how
any rational juror could construe it as a comment about appellant or the strength
of his case.  Even if that were possible,
the judge immediately clarified this was not what he meant.  We find this comment was not fundamental
error.  Thus, because appellant did not
object, error has been waived.  See Tex.
R. App. P. 33.1(a); Sharpe v. State, 648 S.W.2d 705, 706
(Tex. Crim. App. 1983); Williams v. State, 964 S.W.2d 747, 752 (Tex. App.—Houston [14th
Dist.] 1998, pet. ref’d). 

6. Improper Comments by the Prosecutor

            Appellant’s final complaint involves
an exchange among a venire member, the prosecutor, and appellant’s trial
attorney:

VENIRE
PERSON:               I have a follow up
question.  If the investigation over the
last thirteen years has shown that the man was not guilty would the indictment
be eliminated?  Would the indictment be
dropped?

[THE
PROSECUTOR]:         If I believed the man
was not guilty I wouldn’t be here.  My
job is to see that justice is done and I wouldn’t be sitting here.

[DEFENSE
COUNSEL]:      And I can tell you that if
I believed he did this and the State could prove it beyond a reasonable doubt I
wouldn’t be here, either.  

Again,
appellant did not object, and thus is relegated to arguing fundamental error.

            A prosecutor cannot inject personal
opinion in statements to the jury.  Johnson
v. State, 698 S.W.2d 154, 167 (Tex. Crim. App.
1985); Tucker v. State, 15 S.W.3d
229, 236 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d).  We agree the prosecutor improperly stated her
personal opinion.  Nonetheless, appellant
cites no cases in which similar voir dire
statements were held to be fundamental error. 
See Campos v. State, 946 S.W.2d
414, 416–18 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (holding
failure to object to improper prosecutorial statement waives error).  Moreover, defense counsel’s immediate response
stating his own opinion negated any harm to appellant.  Because no objection was made to this
non-fundamental error, appellant has waived this issue.  Mathis v. State, 67 S.W.3d 918, 926–27 (Tex. Crim. App. 2002).

7. Credit for Time: The State’s Cross-Point of Error

            The trial court credited appellant’s
murder sentence with time served from August
 25, 1988 through October
 25, 2001.  In a cross-appeal,
the State argues appellant should not have received credit for the time between
July 2, 1993 (when the Court
of Criminal Appeals issued a mandate reversing appellant’s conviction for
capital murder and ordering acquittal) and April 20, 1995 (when he was indicted for murder).  The State is permitted to cross-appeal this
legal question.  See Tex. Code
Crim. Proc. art.
44.01(b) (providing for appeal by state on questions of law if
defendant is convicted and appeals the judgment).    

            Article
42.03, section 2(a) of the Code of Criminal Procedure requires credit for
pre-judgment time served “in said cause”:

In all
criminal cases the judge of the court in which the defendant was convicted
shall give the defendant credit on his sentence for the time that the defendant
has spent in jail in said cause, other than confinement served as a condition
of community supervision, from the time of his arrest and confinement until his
sentence by the trial court.

It
is undisputed that, because of his prior murder conviction, appellant has been
incarcerated at all times since March
 14, 1981.  The question
presented is what credit, if any, he should have received on the sentence in
this case.  

            Because this crime was committed
while appellant was in prison, the sentence cannot run concurrently with his
prior sentence.

If a
defendant is sentenced for an offense committed while the defendant was an
inmate in the institutional division of the Texas Department of Criminal
Justice and the defendant has not completed the sentence he was serving at the
time of the offense, the judge shall order the sentence for the subsequent
offense to commence immediately on completion of the sentence for the original
offense.

Tex. Code Crim Proc. art.
42.08(b).  Crediting
appellant’s sentence in this case for time served on his prior murder sentence
would have just that effect, and thus would frustrate the Legislature’s purpose.  See Ex parte Kuester, 21 S.W.3d 264,
268 (Tex. Crim. App. 2000) (stating that purpose of
art. 42.08(b) was to mandate consecutive rather than concurrent sentences for
inmate offenses). 

            We need not decide in this case the
conflict between these statutes when a defendant is imprisoned both for the
prior crime and arguably for the new one at the same time.  Here, the State challenges only the credit
given to appellant when no indictment for the second murder was pending.  Because he was already in prison for a
previous crime, any time spent in custody after the mandate issued and before
the issuance of the subsequent indictment for murder relates to that previous
crime and should not have been credited to his sentence in this case.  See Hannington v. State, 832 S.W.2d 355 (Tex. Crim. App. 1992); Ex Parte Crossley, 586 S.W.2d
545, 546 (Tex. Crim. App. 1979).  We sustain the State’s cross-point on appeal,
reform appellant’s sentence to add 658 days to it, and as reformed, affirm.

 

                                                                                                                                                                                                                                                

                                                            /s/        Scott Brister

                                                                        Chief
Justice

 

Judgment
rendered and Opinion filed February 20,
 2003.

Panel
consists of Chief Justice Brister and Justices Hudson and Fowler.

Publish
— Tex. R. App. P. 47.2(b).











[1]
“When a defendant has been detained in custody or held to bail for his
appearance to answer any criminal accusation before the district court, the
prosecution, unless otherwise ordered by the court, for good cause shown,
supported by affidavit, shall be dismissed and the bail discharged, if
indictment or information be not presented against such defendant at the next
term of the court which is held after his commitment or admission to bail.”





[2]
“If a motion to set aside an indictment, information, or complaint for failure
to provide a speedy trial is sustained, the court shall discharge the
defendant.  A discharge under this
article or Article 32.01 of this code is a bar to any further prosecution for
the offense discharged and for any other offense arising out of the same
transaction….”