**Opinion issued August 26, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00438-CR
_____

**GREGORY LAMUND SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd Judicial District Court
of Harris County, Texas
Trial Court Case No. 1349280**

---

## MEMORANDUM OPINION

Gregory Lamund Smith was convicted of injury to an elderly individual and

the jury assessed his punishment at thirty years' confinement.[1] On appeal, appellant argues that the trial court abused its discretion when it denied his motion for new trial based on allegations of juror misconduct, and that the court erred by refusing to allow him to make an offer of proof regarding such allegations pursuant to Texas Rule of Evidence 103(b).[2] We affirm.

## Background[3]

Appellant filed a timely motion for new trial alleging that two jurors[4] approached his trial counsel immediately after the trial and informed him that they believed that appellant was "not guilty" of the charged offense. Both Juror 1 and Juror 2 claimed that they "had been coerced by other jurors to reach a guilty verdict in which they did not concur." Appellant further contended that the "improper conduct" of the other jurors resulted in a non-unanimous verdict.

---

[1]    *See* TEX. PENAL CODE ANN. § 22.04 (West Supp. 2013).

[2]    TEX. R. EVID. 103(b).

[3]    Appellant was found guilty of intentionally or knowingly causing bodily injury to an elderly individual by striking that individual with a brick or concrete block. Trial testimony indicates that the charged offense occurred after an automobile accident involving the elderly complainant's car and the car appellant was riding in. The charge allowed the jury to convict appellant either as the principal or as a party. Because appellant's appellate complaints are focused exclusively upon post-trial events (i.e., allegations of jury misconduct, as set forth in his motion for new trial, and events which transpired at the hearing on his motion for new trial), it is not necessary for us to detail the facts underlying the charged offense.

[4]    We will refer to these jurors as "Juror 1" and "Juror 2" for purposes of this opinion.

Affidavits from both jurors attesting to the underlying facts were attached to the motion and incorporated by reference.

Juror 1's affidavit stated as follows:

> While serving as juror on [this case] I was able to come to the conclusion that [appellant] was not guilty of the accused crime. While I was not the only juror that felt this way he was still convicted. Upon thoroughly reviewing the facts presented in the case, I was able to conclude that being in the wrong place at the wrong time does not equate [to] guilt. The prosecution failed to establish beyond a reasonable doubt that [appellant] struck [the complainant] with a brick and or concrete block. I was pressured into agreeing to a guilty verdict from the other jurors. I was told "I wasn't doing my civic duties by letting [appellant] walk free." Not only was I being bashed by them for not agreeing on a guilty verdict, the dispute of the case was also being discussed [by] othe[r] jurors in the room before <u>all</u> evidence was presented. After hours of debating my facts against theirs we all came to a conclusion of what I thought would be a conviction of [appellant] being in the wrong place at the wrong time, but <u>not</u> being guilty of the crime of throwing a deadly weapon at the [complainant]. Minutes after the verdict was read, I was shortly informed that was not the case. [Appellant] is not guilty of the crime he was convicted for!

Juror 2's affidavit stated as follows:

> This is reference to the trial of [appellant]. I felt like I was pressured into giving a guilty verdict. My fellow jurors were very selective about the evidence they used to convict [appellant]. The majority of them had already convicted him before even hearing the evidence, for their own personal reasons, which some of them voiced. I tried to argue my side of the story or my opinion concerning the evidence, but they were determined to convince me that he was guilty. It was myself and two other jurors that questioned the guilty verdict, but we were outnumbered. I feel like [appellant] was unjustly convicted. I deeply feel he was falsely

accused of the crime he was on trial for. I honestly and strongly feel that he was innocent of the crime he was on trial for.

The trial court heard appellant's Motion for New Trial—forty-two days after the judgment was signed—at which hearing appellant's counsel offered the affidavits from the two jurors into evidence, and told the court that he would also be calling appellant's previous counsel to testify. The trial court then questioned appellant's counsel about the admissibility of the affidavits, in light of Rule 606(b) and expressly stated: "I've read the affidavits, but I have also read 606(b). . . . And the affidavits don't say anything about an outside influence." *See* TEX. R. EVID. 606(b) (stating that juror's statements regarding jury deliberations are inadmissible for purpose of impeaching jury verdict, but may be admitted for limited purpose of showing whether any outside influence was improperly brought to bear upon any juror or to rebut claim that juror was not qualified to serve).[5]

Appellant responded that Juror 2's affidavit averred that some jurors had made their minds up as to appellant's guilt before they heard all of the evidence and argued that fact this amounted to an "outside influence." The trial court disagreed, and asked counsel if he had anything further to add, and appellant's

---

[5]     The original Texas Rule of Civil Procedure 606(b) is, for all purposes relevant to this case, indistinguishable from the current Rule 606(b), which applies in both civil and criminal trials. *See McQuarrie v. State*, 380 S.W.3d 145, 151–52 (Tex. Crim. App. 2012) (stating that when civil and criminal rules of evidence merged in 1998, Texas Rule of Evidence 606(b) incorporated civil version of rule).

4

counsel asked to "make a bill offering some testimony of trial counsel."[6] The State objected and argued that both the affidavits and trial counsel's testimony were inadmissible under Texas Rule of Evidence 606(b) because there was no allegation that any "outside influence" had been improperly brought to bear upon any juror. The State also objected that trial counsel's testimony was inadmissible hearsay. After considering the motion, the affidavits, and the arguments of counsel, the trial court implicitly sustained the State's objection, and expressly denied appellant's request to make an offer of proof and his motion for new trial. This appeal followed.

## Offer of Proof

Appellant argues that the trial court erred when it denied his request to make an offer of proof after the trial court excluded the affidavits and trial counsel's testimony, and he asks this Court to abate the appeal to allow him to make his offer of proof, and to file any necessary supplemental briefing. The State responds that even if the trial court erred in not allowing appellant to make his offer of proof, the error was harmless, and that abatement at this stage is futile because the Court has all of the information it needs to determine whether the trial court erred in excluding the testimony.

---

[6] "Texas recognizes two types of offers to preserve error: the offer of proof (formerly referred to as an informal bill of exception) and the formal bill of exception." *Fletcher v. Minn. Min. and Mfg. Co.*, 57 S.W.3d 602, 606 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (citations omitted).

## A.  Standard of Review

The right to make an offer of proof is absolute and a trial court does not have the option to deny such a request.  *Kipp v. State*, 876 S.W.2d 330, 333 (Tex. Crim. App. 1994); *Spence v. State*, 758 S.W.2d 597, 599 (Tex. Crim. App. 1988).  A trial court's refusal to allow a defendant an opportunity to make an offer of proof, however, is subject to harmless error analysis.  *Williams v. State*, 964 S.W.2d 747, 753 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (reviewing erroneous refusal to allow party to make offer of proof under Texas Rule of Evidence 103); TEX. R. EVID. 103(a), (a)(2) (stating that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked"); *see also Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002) (stating that standard of review under Rule 103 is same as standard for non-constitutional error under Texas Rule of Appellate Procedure 44.2(b)); TEX. R. APP P. 44.2 (providing that non-constitutional errors in criminal cases "must be disregarded" if they do not affect defendant's substantial rights).

## B.  Analysis

"The primary purpose of the offer of proof is to enable an appellate court to determine whether the exclusion [of evidence] was erroneous and harmful.  A

secondary purpose is to permit the trial judge to reconsider his ruling in light of the actual evidence." *Mays v. State*, 285 S.W.3d 884, 890 (Tex. Crim. App. 2009) (citation omitted). Here, although the trial court refused to admit the affidavits that set forth the specific facts supporting appellant's claim of juror misconduct and coercion, the record clearly reflects that the trial court considered their content before he determined that they were inadmissible because they were not within one of Rule 606(b)'s limited exceptions (i.e., the existence of an "outside influence" that was improperly brought to bear upon a juror). The affidavits that appellant sought to admit were attached to his motion for new trial and incorporated by reference, and are included in the appellate record. Even assuming that the trial court erred in refusing appellant's request to make an offer of proof, any error was harmless because it is apparent from the record what appellant was attempting to establish by introducing the affidavits. *See Williams*, 964 S.W.2d at 753 (stating trial court's refusal to allow defendant's offer of proof regarding excluded testimony was harmless because it was clear from record "exactly what [defendant] wanted to preserve for appeal"); *cf. Pennington v. Brock*, 841 S.W.2d 127, 131 (Tex. App.—Houston [14th Dist.] 1992, no writ) (trial court's refusal to allow informal bill of exception harmless when record was sufficient to apprise both trial court and appellate court of nature of excluded evidence).

To the extent appellant is challenging the trial court's refusal to allow him to make an offer of proof regarding the exclusion of his trial counsel's testimony—as opposed to the exclusion of the affidavits themselves—we find such an argument unavailing. Appellant alleged in his motion for new trial that two jurors "had been coerced by other jurors to reach a guilty verdict in which they did not concur" and that such improper conduct resulted in a non-unanimous "guilty" verdict. Because the hearing on appellant's motion for new trial was held more than thirty days after the judgment was signed, appellant was only entitled to present testimony in support of that ground. *See* TEX. R. APP. P. 21.4(a) (stating defendant may file motion for new trial no later than thirty days after date trial court imposes or suspends sentence in open court); *Cueva v. State*, 339 S.W.3d 839, 859 (Tex. App.—Corpus Christi 2011, pet. ref'd) ("[A] defendant may not amend or enlarge his original motion with additional claims after the thirty-day period has expired[.]"). Thus, trial counsel could have testified only about what Juror 1 and Juror 2 told him about what happened during deliberations (i.e., the alleged "coercion" and "improper conduct" by the other members of the jury, as set forth in the affidavits attached to the motion for new trial). Moreover, if trial counsel had testified about what Juror 1 and Juror 2 told him about what occurred during deliberations, his testimony would have been inadmissible hearsay. *See* TEX. R. EVID. 802 (stating hearsay is not admissible), 801(d) (defining "hearsay"

as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"); *see also Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 369 (Tex. 2000) (stating there was no competent non-juror evidence of misconduct in that case because attorney's testimony "concerning what the jurors told him another juror said" was hearsay); *Mitchell v. S. Pac. Transp. Co.*, 955 S.W.2d 300, 322–23 (Tex. App.—San Antonio 1997, no writ) (holding non-juror's affidavit about what occurred in jury deliberations was hearsay).

Accordingly, any error in refusing to allow appellant an opportunity to make an offer of proof regarding his trial counsel's testimony is also harmless. *See Williams*, 964 S.W.2d at 753 (indicating refusal to allow offer of proof harmless because record sufficient to preserve complaint for appeal).

## C. Abatement

Although the standard remedy for such an error is to abate the appeal to permit counsel to develop the appellate record, abatement in the present case would be futile because the appellate record, as it currently stands, is sufficient for this Court to determine whether the trial court erred in excluding the affidavits and testimony. *See Spence*, 758 S.W.2d at 599–600 (stating that when trial court erroneously refuses defendant's request to make offer of proof, remedy for such error is to abate appeal to permit counsel to make offer of proof and develop

appellate record); *Andrade v. State*, 246 S.W.3d 217, 226 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (refusing defendant's request to abate appeal due to erroneous denial of opportunity to make offer of proof because defendant did not argue on appeal that trial court erred in excluding testimony and therefore abatement "would serve no purpose as it would not result in the development of any information relevant to this appeal").

Appellant argues that, unlike in *Andrade*, abatement in this case would not be futile because it would enable him to develop "relevant evidence that his due process rights were in fact violated." Since appellant raised no due process claim in the trial court, he has not preserved such a claim for appellate review. *See Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012) (holding that evidentiary objections at trial did not present trial court with opportunity to rule on due process claim raised on appeal, thus due process claim was forfeited).

**Exclusion of Evidence**

Appellant argues that the trial court abused its discretion when it excluded the affidavits of Juror 1 and Juror 2 and trial counsel's testimony and denied his motion for new trial based on allegations of juror misconduct contained within those affidavits.

## A.     Standard of Review and Applicable Law

We review a trial court's rulings on a motion for new trial and on the admission or exclusion of evidence for an abuse of discretion.  *See Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010) (admission or exclusion of evidence); *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006) (motion for new trial).  In conducting our review, we may not substitute our judgment for that of the trial court.  *Holden*, 201 S.W.3d at 763.  Rather, we decide only whether the trial court's decision was arbitrary or unreasonable.  *Id.*  A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling.  *Id.*  A trial court abuses its discretion by excluding evidence only if its decision "lies outside the zone of reasonable disagreement."  *Martinez*, 327 S.W.3d at 736.

Juror statements regarding jury deliberations are generally inadmissible to attack a verdict. TEX. R. EVID. 606(b); *see also Glover v. State*, 110 S.W.3d 549, 551 (Tex. App.—Waco 2003, pet. ref'd) (stating allowing jurors to impeach their own verdict violates public policy).  A juror may, however, testify after trial about whether an outside influence was improperly brought to bear upon any juror or to rebut a claim that the juror was not qualified to serve.  TEX. R. EVID. 606(b).  The Court of Criminal Appeals interprets this rule using a plain meaning approach, determining that an "outside influence" must originate from outside of the jury

11

room, and not from the jurors themselves. *See McQuarrie v. State*, 380 S.W.3d 145, 151 (Tex. Crim. App. 2012) (citing *Golden Eagle Archery, Inc.*, 24 S.W.3d at 372)). As such, alleged coercive activity in the jury room during deliberations is not proof of an impermissible "outside influence" for purposes of showing jury misconduct pursuant to Rule 606(b). *See Colyer v. State*, 428 S.W.3d 117, 125 (Tex. Crim. App. 2014) (discussing circumstances involving "outside influence" and stating "outside influence" exception does not include influences such as coercion by fellow juror); *Franks v. State*, 90 S.W.3d 771, 800 (Tex. App.—Fort Worth 2002, no pet.) (holding juror's affidavit testimony that she was "coerced" into voting guilty and "finally just gave up and changed her vote" because other jurors "told her she was being unreasonable and was crazy" did not constitute "outside influence" for purposes of Rule 606(b)); *Hart v. State*, 15 S.W.3d 117, 122, 124 (Tex. App.—Texarkana 2000, pet. ref'd) (holding juror's affidavit testimony that he was "coerced" into voting guilty did not constitute "outside influence" for purposes of Rule 606(b)); *see also Perry v. Safeco Ins. Co.*, 821 S.W.2d 279, 281 (Tex. App.—Houston [1st Dist.] 1991, writ denied) ("Proof of coercive statements and their effect on the jury is barred by [Rule 606(b)].")

## B. Analysis

Here, because they relate exclusively to events and conversations which took place in the jury room and among the jurors themselves, and they do not allege the

12

exertion of any "outside influence," as interpreted by the Texas Court of Criminal Appeals, appellant's proffered affidavits are inadmissible under Rule 606(b).

In particular, Juror 1 testified that she was bashed by the other jurors for her views of the case and pressured by them to find appellant guilty. Such claims of coercion by other jurors do not fall within Rule 606(b)'s exception for testimony regarding "outside influences." *See Colyer*, 428 S.W.3d at 125 (stating Rule 606(b)'s "outside influence" exception does not include influences such as coercion by fellow jurors). The same is true with respect to Juror 2's testimony that she was outnumbered and was pressured by the other jurors to find appellant guilty. *See id.*

Juror 1's and Juror 2's testimony regarding the jurors' differing views of the evidence, as discussed during deliberations, as well as Juror 1's claim that some jurors discussed the case before all of the evidence was presented, and Juror 2's claim that other jurors "were very selective about the evidence they used to convict" appellant and had decided that appellant was guilty before they heard all of the evidence, do not speak to any "outside influence" and are inadmissible under Rule 606(b). *See id.* at 123 (stating Rule 606(b) prohibits jurors from testifying "about any events or statements occurring during jury deliberations, any of the jurors' mental processes, or how an improper outside influence actually affected the jurors"); *see also McQuarrie*, 380 S.W.3d at 153 ("The court may not inquire

as to the subjective thought processes and reactions of the jury, so jurors should continue to feel free to raise and discuss differing viewpoints without the fear of later public scrutiny."). Similarly, Juror 2's testimony that some of the jurors decided that appellant was guilty based on their own "personal reasons, which some of them voiced," does not constitute an impermissible outside influence, and is also inadmissible. *See Colyer*, 428 S.W.3d at 125 (stating outside influence exception does not include discussion of juror's own personal knowledge) (citing *Soliz v. Saenz*, 779 S.W.2d 929, 932 (Tex. App.—Corpus Christi 1989, writ denied) (stating juror's interjection of personal experience or expertise into discussion not an "outside influence")).

Accordingly, the trial court did not abuse its discretion when it excluded the affidavits and trial counsel's testimony on the same topic. *See Martinez*, 327 S.W.3d at 736 (stating trial court abuses its discretion by excluding evidence only if its decision "lies outside the zone of reasonable disagreement"). Further, the affidavits and trial counsel's testimony were the only evidence appellant offered in support of his motion for new trial based on juror misconduct. Given that the trial court did not abuse its discretion when it excluded the affidavits and trial counsel's testimony, we cannot say that the trial court's decision to deny the motion for new trial was arbitrary or unreasonable. *See Holden*, 201 S.W.3d at 763 (stating trial

court abuses its discretion in denying motion for new trial only when no reasonable view of record could support trial court's ruling).

We overrule appellant's issues on appeal.

## Conclusion

We affirm the trial court's judgment.


Jim Sharp
Justice


Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).