In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00232-CR
_____

**JOSE ANTONIO RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-09-09821-CR**

**MEMORANDUM OPINION**

Appellant Jose Antonio Rodriguez appeals the trial court's judgment revoking his community supervision. In four issues, Rodriguez complains about the denial of his motion to recuse, exclusion of evidence, denial of his motion to quash, and the admission of evidence of his prior criminal offenses in assessing punishment during his revocation hearing. We affirm the trial court's judgment.

1

## BACKGROUND

A grand jury indicted Rodriguez for the felony offense of driving while intoxicated, third or more. In March 2016, Rodriguez pleaded guilty, and in accordance with a plea bargain agreement, the trial court assessed punishment at confinement for ten years, but probated the sentence for four years and assessed a $1000 fine. On two occasions, the trial court ordered Rodriguez to be arrested for violating the conditions of his community supervision, and then ordered Rodriguez's release after amending the conditions. In 2018, the State filed a motion to revoke, alleging that Rodriguez had violated eleven conditions of his community supervision, including the violations for which he was previously arrested and jailed.

Rodriguez filed a motion to recuse the trial judge, Judge Lisa Michalk, alleging that Judge Michalk was unwilling to consider the full range of punishment and had made up her mind about the value of the allegations in the State's motion to revoke without affording him due process. During the recusal hearing, defense counsel argued that Judge Michalk had demonstrated bias and prejudice against Rodriguez by rejecting a plea bargain agreement that Rodriguez's previous counsel had reached with the State, in which the State had recommended a two-year sentence, and by stating that Rodriguez should not have been placed on probation and that the plea agreement was not sufficient. Defense counsel represented that

Rodriguez's former lawyer would testify about the denial of the plea agreement and about seeing a notation on the probation officer's file to revoke Rodriguez's probation that apparently came from Judge Michalk. Defense counsel argued that by denying the plea agreement, Judge Michalk showed that she was unable to consider the full range of punishment, denied him due process, and demonstrated prejudice or the appearance of impropriety. The State maintained that when Judge Michalk rejected the plea agreement, she commented that she did not know what sentence she would give Rodriguez after conducting a hearing, and that simply rejecting a plea agreement was not enough to warrant a recusal.

During the recusal hearing, defense counsel called Rodriguez's former lawyer to testify about the plea agreement. When asked about the contents of the agreement, the administrative judge questioned its relevance, stating that it was not a reason for revocation. The administrative judge did not allow testimony about the contents of the plea agreement and advised defense counsel that the purpose of the recusal hearing was not to determine whether Rodriguez's probation should be revoked, but to determine whether Judge Michalk was capable of being unbiased in listening to the evidence and making that determination. Defense counsel argued that Judge Michalk's conduct showed that she was unable to conduct a fair revocation hearing. The administrative judge denied the motion to recuse. At that point, defense counsel

requested to make a bill of exception concerning the excluded evidence, and the administrative judge denied the request.

Judge Michalk conducted a hearing on the State's amended motion to revoke. During the revocation hearing, defense counsel moved to strike the allegations for which Rodriguez had previously been punished, arguing that it violated double jeopardy to punish him twice for the same conduct. The record shows that Judge Michalk denied Rodriguez's motions to strike, stating that the allegations had not been judicially ruled upon during a revocation hearing. After hearing evidence, Judge Michalk found all eleven of the allegations to be true, revoked Rodriguez's community supervision, and sentenced Rodriguez to confinement for a term of five years.

## ANALYSIS

In issue one, Rodriguez complains that the administrative judge erred by denying his motion to recuse Judge Michalk for failing to consider the full range of punishment. According to Rodriguez, Judge Michalk should have been recused because she rejected the plea agreement offering Rodriguez a term of two years in prison and commented that Rodriguez should not have been placed on probation, thereby prejudicing the case and denying him due process before hearing any

4

evidence. The State argues that a trial judge's rejection of a proposed plea bargain is not evidence of judicial bias and cannot support a judge's recusal.

We review an order denying a motion to recuse for an abuse of discretion, affirming so long as the ruling is within the zone of reasonable disagreement. *Gaal v. State*, 332 S.W.3d 448, 456 (Tex. Crim. App. 2011). We look at the totality of the circumstances as well as the record of the recusal hearing to determine whether there is sufficient evidence to support the conclusion that the trial judge was unbiased. *Id.* A Texas judge may be removed from a case if she is subject to recusal under rules promulgated by the Texas Supreme Court. *Id.* at 452. Rule 18b of the Texas Rules of Civil Procedure sets forth the law pertaining to the recusal of judges in criminal proceedings. Tex. R. Civ. P. 18b(b); *Gaal*, 332 S.W.3d at 452-53 & n.12. Generally, a recusal is not required purely based on judicial rulings, remarks, or actions. *Gaal*, 332 S.W.3d at 454. Recusal is appropriate if the facts are such that a reasonable person would harbor doubts as to the trial judge's impartiality. *Kemp v. State*, 846 S.W.2d 289, 305 (Tex. Crim. App. 1992).

A defendant does not have an absolute right to enter into a plea bargain. *Morano v. State*, 572 S.W.2d 550, 551 (Tex. Crim. App. 1978). A trial judge may refuse to allow plea bargaining or refuse a prosecutor's recommendation concerning the punishment to be assessed. *Id.* Thus, it is not an abuse of discretion to deny a

recusal motion that is based on a trial court's rejection of a plea bargain agreement. *Gaal*, 332 S.W.3d at 457-58 (citing *United States v. Gordon*, 61 F.3d 263, 267 (4th Cir. 1995)). Accordingly, we conclude that the exclusion of evidence concerning a trial judge's rejection of a plea agreement does not constitute error. *See* Tex. R. App. P. 44.2(b); *Mosley v. State*, 141 S.W.3d 816, 831, 837 (Tex. App.—Texarkana 2004, pet. ref'd); *see also Morano*, 572 S.W.2d at 551; *Sommers v. Concepcion*, 20 S.W.3d 27, 41 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

Here, Judge Michalk gave no indication as to what sentence she would or would not impose after hearing evidence on the State's motion to revoke, nor is there anything in the record showing that Judge Michalk would not fairly consider the entire range of punishment. In light of Rodriguez's criminal history and being on probation for felony driving while intoxicated, as well as the fact that Judge Michalk had previously continued Rodriguez's community supervision after he had tested positive for alcohol, we cannot say that Judge Michalk's decision to refuse the plea agreement evidences any bias or prejudice against Rodriguez such that Judge Michalk's impartiality might reasonably be questioned. *See Kemp*, 846 S.W.2d at 305.

Rodriguez also complains that Judge Michalk could not be fair and impartial because she commented on whether Rodriguez should have been placed on

6

probation; however, evidence that a judge does not consider placing defendants who have been charged with felony driving while intoxicated on probation, does not, without more, establish grounds for recusal. *See Rhodes v. State*, 357 S.W.3d 796, 800 (Tex. App.—Houston [14th Dist.] 2011, no pet.). After reviewing all the evidence, we conclude that the record does not show that the administrative judge abused his discretion by denying Rodriguez's motion to recuse Judge Michalk. *See Gaal*, 332 S.W.3d at 456. We overrule issue one.

In issue two, Rodriguez argues that during the recusal hearing, the administrative judge refused to consider evidence showing that Judge Michalk could not be fair and impartial and consider the full range of punishment. According to Rodriguez, it was error to refuse to allow defense counsel to make a bill of exception regarding the excluded evidence.

A party may claim error in a ruling to exclude evidence only if the error affects a substantial right and the party informs the trial court of its substance by an offer of proof, unless the substance was apparent from the context. Tex. R. Evid. 103(a)(2); *Fox v. State*, 115 S.W.3d 550, 558-59 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Although the right to make a bill of exception is absolute, a trial court's denial of that right is subject to a harm analysis under Rule 44.2(b). *See* Tex. R. App. P. 44.2(b); *Williams v. State*, 964 S.W.2d 747, 753 (Tex. App.—Houston [14th Dist.]

7

1998, pet. ref'd). A defendant's substantial rights are not prejudiced by the trial court's failure to permit a formal question-and-answer bill of exception when the record clearly shows exactly what the defendant wanted to preserve for appeal. *Williams*, 964 S.W.2d at 753. Because the nature of the excluded evidence was apparent from the record, we conclude that refusing to allow defense counsel to make a formal bill of exception was harmless. *See* Tex. R. Evid. 103(a)(2); *Fox*, 115 S.W.3d at 559; *Williams*, 964 S.W.2d at 753. We overrule issue two.

In issue three, Rodriguez argues that the trial court violated his right to due process by denying his motion to quash and assessing punishment based, in part, on conduct for which he had been previously punished. *See* U.S. Const. amend. XIV; Tex. Const. art. 1 § 19. The record shows that during the revocation hearing, defense counsel moved to strike the complained-of allegations on double jeopardy grounds and argued that Rodriguez was being punished twice for the same conduct. *See* U.S. Const. amend. V; Tex. Const. art. 1 § 14.

To preserve error for review, a defendant must make a timely, specific objection at trial. Tex. R. App. P. 33.1(a). The point of error on appeal must correspond to the objection made at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). Generally, a party's failure to make a timely objection in the trial court forfeits the complaint on appeal. *Rogers v. State*, 640 S.W.2d 248,

8

264-65 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g). This general rule applies to constitutional errors. *Broxton*, 909 S.W.2d at 918. Rodriguez's trial objection was based on double jeopardy grounds, but on appeal, Rodriguez argues that he was denied the right to due process. We hold that Rodriguez's objection at trial does not comport with his due process argument on appeal, and thus Rodriguez did not preserve this issue for our review. *See* Tex. R. App. P. 33.1(a)(1); *Broxton*, 909 S.W.2d at 918; *see also Ex parte Lewis*, 219 S.W.3d 335, 358 (Tex. Crim. App. 2007) (noting that double jeopardy is not another form of due process protection ensuring the propriety of the criminal trial). Accordingly, we overrule issue three.

In issue four, Rodriguez argues that in assessing his punishment during the revocation hearing, the trial court erred by admitting evidence of criminal offenses that had been dismissed and that had allegedly occurred prior to the offense for which he had been placed on probation According to Rodriguez, the trial court violated his right to due process by considering unproven evidence of extraneous misconduct to assesses punishment upon revocation.

The record shows that when the State offered exhibits five through twelve, which included Rodriguez's driving record and records of Rodriguez's prior criminal charges, Rodriguez objected that the exhibits had not been properly proved through a fingerprint. The trial court overruled Rodriguez's objection and admitted

9

State's exhibits five through twelve. Because Rodriguez's due process argument on appeal does not comport with his trial objection, we hold that Rodriguez has failed to preserve this issue for our review. *See* Tex. R. App. P. 33.1(a)(1); *Broxton*, 909 S.W.2d at 918. We overrule issue four. Having overruled each of Rodriguez's issues, we affirm the trial court's judgment.

      AFFIRMED.

                                            _____

                                              STEVE McKEITHEN
                                              Chief Justice

Submitted on June 6, 2019
Opinion Delivered July 10, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.