Steve **GARCIA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–81–038–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 3, 1981.

Joe Silvas, Clute, for appellant.

Jim Mapel, Dist. Atty., Angleton, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

PAUL PRESSLER, Justice.

Appellant was tried before a jury which found him guilty of aggravated assault and assessed punishment at five years. Appellant urges as his sole ground of error that the trial court erred in not dismissing the indictment pursuant to the provisions of article 32A.02 Tex.Code Crim.Pro.Ann. (Vernon Supp. 1980–81).

On April 28, 1979, appellant was involved in a stabbing incident with a fellow inmate at the Darrington Unit of the Texas Department of Corrections. On that day appellant was placed in solitary confinement and an investigation of the incident was begun. Appellant was indicted for aggravated assault on August 15, 1979. On October 4, 1979 appellant was reindicted for the same offense, and the August 15 indictment was dismissed on October 15.

On September 17, 1979 appellant made a Motion to Set Aside the Indictment under the Speedy Trial Act. The sections of article 32A.02 upon which appellant relies provide in pertinent part:

> Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:
>
> (1) 120 days of the commencement of a criminal action if the defendant is accused of a felony; . . .
>
> Section 2. (a) . . . a criminal action commences for purposes of this article when an indictment, information, or complaint against the defendant is filed in court, *unless prior to the filing the defendant is . . . detained in custody . . .* for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences *when he is arrested.* (emphasis added)

Appellant urges us to find that his placement in solitary confinement is the equivalent of being "detained in custody" and that the investigation and further confinement was tantamount to his "arrest." The trial court found that his solitary confinement was an administrative action and denied the appellant's motion. There is nothing in this record to support any other conclusion. The investigation of an offense is not the equivalent of an arrest. The Texas Speedy Trial Act addresses itself to prosecutorial delay rather than to the judicial process as a whole. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). The facts of this case show no violation of either the intent or the specific requirements of the act.

Appellant further alleges that his being placed in solitary confinement was a violation of the protection afforded him by the Due Process clause of the Fourteenth Amendment. The placing of a prisoner in a segregated cell is not necessarily a deprivation of life, liberty or property and, therefore, due process procedures are not always required. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). This record contains nothing to show affirmatively that appellant was denied due process. *Cook v. Brockway*, 424 F.Supp. 1046 (N.D.Tex.1977).

The proceedings appearing regular, the conviction is affirmed.