**David Wayne SPENCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 69341.**

Court of Criminal Appeals of Texas,
En Banc.

Oct. 12, 1988.

L. Hayes Fuller, III, Russell D. Hunt, Waco, for appellant.

Vic Feazell, Dist. Atty., and R.D. Rucker, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

OPINION

WHITE, Judge.

Appeal is taken from a conviction for capital murder. V.T.C.A., Penal Code Sec. 19.03(a)(2). After finding appellant guilty, the jury returned affirmative findings to the two special issues under Article 37.-071(b)(1) and (2), V.A.C.C.P. Punishment was assessed at death.

Appellant raises thirteen points of error, the first of which concerns the trial court's

refusal to allow appellant to perfect a bill of exception or make an offer of proof as to testimony excluded during a hearing on a pre-trial motion to dismiss the indictment. It is on this point that we are forced to remand this case before addressing appellant's remaining contentions.

Appellant filed a motion to dismiss the indictment based upon an alleged Fifth and Fourteenth Amendment Due Process violation caused by pre-indictment delay.[1] A pre-trial hearing was held on the motion at which appellant was precluded from asking numerous questions from various witnesses. The trial court sustained approximately one hundred of the State's relevancy objections to appellant's questions and then uniformly denied each of his requests to make an offer of proof or to perfect a bill of exception under Article 40.09, V.A.C.C.P., as to the excluded testimony. The record contains an almost rhythmically patterned colloquy which took place following virtually every question proffered by appellant. A representative excerpt follows:

> [DEFENSE COUNSEL]: [D]id you have enough evidence to indict one of the [d]efendants before the other [d]efendants?

[PROSECUTOR]: Objection, Your Honor. It's neither material nor relevant.

THE COURT: Sustained.

[DEFENSE COUNSEL]: Your Honor, I object to the Court's ruling on the basis that such is relevant and material in that it goes to when this particular [d]efendant, David Wayne Spence, became an accused. It also goes to the intent of the District Attorney's Office with regard to any pre-indictment delays.

THE COURT: Overruled.

[DEFENSE COUNSEL]: Your Honor, may I question the witness further in order to develop the relevancy and materiality?

THE COURT: No, sir.

[DEFENSE COUNSEL]: In order to perfect a bill of exception?

THE COURT: No, sir.

[DEFENSE COUNSEL]: In that case, Your Honor, I'll object to the Court's ruling on the basis of the Texas Code of Criminal Procedure, Article 40.09.

THE COURT: Overruled.

[DEFENSE COUNSEL]: In which case I'll object to the Court's ruling on the basis of the denial of [d]efendant's speedy trial and due process rights under

---

1. Two motions to dismiss were actually filed. In the first motion appellant asserted a speedy trial violation under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, sec. 10 of the Texas Constitution. These dual Federal and State speedy trial claims are not viable given the facts of the instant case. Appellant was in jail pending transfer to the Texas Department of Corrections to serve time on an unrelated sexual assault case when he became a suspect in the instant case. He was never arrested for the instant offense, thus only became formally accused upon indictment. See, *United States v. Giwa*, 831 F.2d 538, 542 (5th Cir.1987); *United States v. Johnson*, 815 F.2d 309, 312 (5th Cir.1987) *cert. denied,* ── U.S. ──, 108 S.Ct. 1032, 98 L.Ed.2d 996 (1988); *Davis v. State*, 630 S.W.2d 532, 536–538 (Tex. App.—Amarillo 1982, no pet.); *Garcia v. State*, 625 S.W.2d 431, 432 (Tex.App.—Houston [14th Dist.] 1981, pet. ref'd.). Appellant alleges error only as to pre-indictment delay. Such pre-accusational delay does not trigger constitutional speedy trial protections, thus, these allegations are meritless. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Marion*, 404 U.S. 307, 325, 326, 92 S.Ct. 455, 465, 466, 30 L.Ed.2d 468 (1971); *See, Luna v. State*, 493 S.W.2d 854, 855–856 (Tex.Cr. App.1973); *Baldwin v. State*, 490 S.W.2d 583, 584 (Tex.Cr.App.1973). Also, in this first motion appellant asserted a violation of Texas' Speedy Trial Act, Art. 32A.02, sec. 1, V.A.C.C.P. Such a claim has now been rendered moot by *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App. 1987).

In his second motion to dismiss, filed on the second day of the motion to quash hearing, appellant asserted a Fifth and Fourteenth Amendment Due Process violation based upon pre-indictment delay. Although this motion was filed late, the trial judge allowed appellant to submit it and reurge all prior testimony in support of said motion. Appellant further requested to recall all prior witnesses to reask questions held inadmissible as irrelevant or, in the alternative, to perfect a bill of exception or make an offer of proof to the excluded testimony. These requests were denied, with all prior objections expressly deemed preserved as to this second motion. Thus, the Due Process allegation in the second motion for new trial was properly preserved, and it is to this motion that we solely address ourselves.

Federal and State Constitutions, in particular Amendments V, VI, and XIV of the United States Constitution.

THE COURT: Overruled.

This scenario was repeated throughout the pre-trial hearing, and the court responded to defense counsel's continual requests to make an offer of proof with statements such as, "[y]'all are getting to perfect everything that I think is material" and "[y]ou can make a record if you've got anything material to do with this trial." Needless to say, appellant's motion to dismiss was ultimately overruled and his same contentions, raised in a motion for new trial, were likewise overruled.

 The right to make an offer of proof or perfect a bill of exception is absolute. *M___ A___ B___ v. State,* 718 S.W.2d 424, 425–426 (Tex.App.—Dallas 1986, no pet.); *R___ M___ G___ v. State,* 711 S.W.2d 397, 399 (Tex.App.—Dallas 1986) aff'd, 748 S.W.2d 227, 228, fn. 1 (Tex.Cr.App.1988). *See,* Tex.R.Crim.Ev., R. 103; *Hurd v. State,* 725 S.W.2d 249, 253 (Tex.Cr.App. 1987); *Moosavi v. State,* 711 S.W.2d 53, 54 (Tex.Cr.App.1986); *Koehler v. State,* 679 S.W.2d 6, 9 and 11–12 (Clinton, J., concurring) (Tex.Cr.App.1984); *Cook v. State,* 646 S.W.2d 952, 953 (Tex.Cr.App.1983). Article 40.09(d)(1), *supra,* states in pertinent part:

> When the court refuses to admit offered testimony or other evidence, the party offering same *shall* as soon as practicable but before the court's charge is read to the jury *be allowed,* out of the presence of the jury, to adduce excluded

testimony or other evidence before the reporter. . . . [2] [emphasis supplied].

Thus, a defendant has the right to make an offer of proof or perfect a bill in order to preserve excluded testimony for appeal. In fact, the cases are legion in which appellants have lost appeals for lack of preservation of error due to counsel's failure to request the opportunity to make an offer of proof. *Easterling v. State,* 710 S.W.2d 569, 575 (Tex.Cr.App.1986) *cert. denied,* 479 U.S. 848, 107 S.Ct. 170, 93 L.Ed.2d 108 (1986); *Passmore v. State,* 617 S.W.2d 682, 685 (Tex.Cr.App.1981); *Toler v. State,* 546 S.W.2d 290, 295 (Tex.Cr.App.1977). *Also see,* Tex.R.Crim.Ev., R. 103.

The instant trial counsel fervently and continuously requested the opportunity to make an offer of proof, but was just as fervently precluded from doing so. The court refused to admit evidence offered solely for purposes of the appellate record because it found such evidence to be immaterial and irrelevant to the case. Questions of materiality and relevancy have no effect on what can be preserved for purposes of the appellate record. A relevancy analysis is solely applicable to what is to be admitted into evidence,[3] and when the court excludes evidence, the appellant has an absolute right to place that same "irrelevant" evidence into the record for appellate review. The instant court's absolute limitation of this right constitutes error.

Since appellant was precluded from making an offer of proof or perfect a bill, we are forced to abate the appeal and remand to the trial court for a hearing so that appellant can now properly perfect the

---

**2.** Although applicable at the time of the instant trial, this statute has since been repealed and replaced by Tex.R.App.Proc. R. 52.

**3.** Although having no impact on our present disposition, we note that the trial court, at the pre-trial hearing, severely limited the admissibility of testimony. Appellant was attempting to offer testimony showing that the pre-indictment delay violated his Fifth Amendment right to Due Process. To substantiate such a claim, he carries the burden of proving that the delay resulted in (1) substantial prejudice to his defense and (2) was a deliberate tactical maneuver by the State. *Lovasco, supra* 431 U.S. at 790, 97 S.Ct. at 2048; *Marion, supra* 404 U.S. at 326, 92 S.Ct. at 466; *United States v. Townley,* 665 F.2d

579, 581 (5th Cir.1982) *cert. denied,* 456 U.S. 1010, 102 S.Ct. 2305, 73 L.Ed.2d 1307 (1985) (analysis of prejudice element); *United States v. Hendricks,* 661 F.2d 38, 40 (5th Cir.1981) (analysis of deliberateness element). Thus, any evidence going to prove either of these prongs is relevant, yet the trial court repeatedly precluded appellant from asking any questions concerning these issues. In particular, the court precluded virtually all questions asked of Vic Feazell, the lead prosecutor in the case, whose testimony would obviously be particularly informative on the deliberatness of the State's actions. Many of the disallowed questions were indeed relevant, going to the very heart of his Due Process claim.

record. *Kincaid v. State*, 500 S.W.2d 487, 489 (Tex.Cr.App.1973); Tex.R.App.Proc., Rule 81(a), (b)(2) and (c). We find that a remand, rather than a reversal, best fulfills the ends of justice in that appellant is being provided all relief requested, i.e., an opportunity to perfect his record. *See, Miller v. State*, 741 S.W.2d 382, 393–394 (Tex.Crim. App.1987) *cert. denied* —— U.S. ——, 108 S.Ct. 2835, 100 L.Ed.2d 935 (1988); *Carrillo v. State*, 591 S.W.2d 876, 895 (Tex.Cr. App.1979); *Kincaid, supra.* For analogous remand settings *see, Green v. State*, 754 S.W.2d 687 (Tex.Cr.App.1988) (remand for motion for new trial hearing on speedy trial claim); *Barber v. State*, 737 S.W.2d 824, 828–829 (Tex.Cr.App.1987) (remand for competency to stand trial hearing); *De-Blanc v. State*, 732 S.W.2d 640, 642 (Tex. Cr.App.1987) (Batson remand); *Bass v. State*, 626 S.W.2d 769, 775 (Tex.Cr.App. 1982) (remand for addition to record or, if necessary, a hearing to determine volunariness of confession); *Kincaid, supra* at 489 fn. 1 (general approval of remand orders). Said hearing shall be conducted at the earliest opportunity, and appellant shall be allowed to enter onto the record only that testimony and evidence excluded by the court at the pre-trial hearing to which counsel objected and made a thwarted offer of proof. Following said hearing the trial court shall promptly forward the properly perfected record to this Court.

It is so ordered.

ONION, P.J., dissents.

TEAGUE, J., dissents to remand.

McCORMICK, J., not participating.