COURT
OF APPEALS

                                                   EIGHTH
DISTRICT OF TEXAS

                                                               EL PASO, TEXAS

 

 

JASON
LAMON WOMACK,                           '

                                                                                                No.  08-01-00134-CR

Appellant,                        '

                                                                                                      Appeal from

v.                                                                          '

                                                                                                291st
District Court

THE
STATE OF TEXAS,                                   '

                                                                                              of Dallas County, Texas

Appellee.                         '               (TC# F00-50402-IMU)

 

 

 

O P I N I O N

 

After a bench trial, Jason Lamon Womack was convicted of unlawful delivery of cocaine
in an amount of less than one gram.  Appellant
pled true to an enhancement allegation alleging a previous felony offense.  The court sentenced Appellant to two years in
State Jail.  In a single issue, Appellant
attacks the trial court=s refusal to allow his defense counsel to make a bill of exception
consisting of the testimony of Travis Johnson. 
Because we find the trial court properly refused interrogation of
Johnson after he invoked his Fifth Amendment right to refuse self
incrimination, we will affirm.

 








Background

On the day of his arrest, Appellant
was visiting his sister at her house.  A
confidential informant, Synonda Chambers,[1]
approached Johnson, who sat on the front porch of the home.  Chambers asked to buy a $50 rock of crack
cocaine from Johnson.  According to
Chambers, Appellant exited the screen porch door and told Johnson it was
alright to sell Chambers the cocaine. 
Johnson completed the drug sale. 
Appellant denied participating in the transaction.

After the State rested, Appellant=s trial counsel sought to introduce
the testimony of co-defendant Johnson. 
Johnson refused, claiming his Fifth Amendment privilege. Appellant=s counsel stated Johnson had entered
into a plea bargain agreement to be heard by the court later that day.  Because Johnson could not claim the privilege
after his plea was accepted, Appellant sought a continuance so that Johnson
would have no protection left and could then testify.  The request for continuance was denied.  Counsel then asked to make Aa bill of the questions@ he would ask of, and the testimony
he would seek to elicit from, Johnson. 
The trial court responded:  AIf you mean to call the witness
(Johnson), no.@ 
Counsel explained that Johnson had been to his office, told him certain
facts, and later decided not to Acooperate@ with those facts.  Appellant=s counsel acknowledged that Johnson=s attorney was not been present
during the alleged conversation.  The
court refused to allow Counsel to call Johnson to the witness stand and
instructed him to call his next witness.








Analysis

Appellant argues that he was
prevented from showing that the statements Johnson made to Appellant=s attorney were statements against
interest under Texas Rule of Evidence 803(24). 
Appellant states he was prevented from making this predicate because the
trial court would not allow examination of Johnson in order to perfect his bill
of exception.

Appellant cites Kipp
v. State, 876 S.W.2d 330, 333 (Tex. Crim. App.
1994) for the proposition that the right to make a bill of exception is
absolute.  Appellant is correct, that not
only is he ordinarily allowed to make an offer of proof, but he also has a
right to do so in question and answer form. 
Id. (citing Tex R. Evid. 103(b)). 
See also Spence v. State, 758 S.W.2d 597, 599 (Tex. Crim. App. 1988), cert. denied, 499 U.S. 932 (1991)
(citing former Tex. R.
App. P. 52(b)).

The State responds first, that
Appellant was afforded the right to make a bill of exception by offer of
proof.  Although Appellant was not
allowed to question Johnson, the trial court did not prevent Appellant from
making an offer of proof via trial defense counsel.  Defense counsel told the court of his
pre-trial encounter with Johnson and that Johnson Adecided not to cooperate with those
facts.@ 
In other words, Johnson told Defense counsel one thing and was now
refusing to tell the same story.  The
State cites Love v. State, 861 S.W.2d 899, 901 (Tex. Crim.
App. 1993).  Love holds an offer
of proof may be accomplished either by counsel's concise statement or question
and answer.  Id. 
This argument, however, does not address Appellant=s challenge that he has an absolute
right to utilize the question and answer form.








Next the State argues the trial court
properly refused questioning of Johnson because he invoked his constitutional
privilege against self-incrimination citing Scott v. State, 940 S.W.2d
353, 358 (Tex. App.---Dallas 1997, pet. ref=d). 
The Dallas court held Athe trial court did not err in
disallowing such questioning by way of bill of exception@ under circumstance very similar to
ours.  Id. 
Our trial court was similarly faced with Appellant=s right to make his bill by question
and answer and Johnson=s right against self incrimination.

Conclusion








We agree with the State and the Dallas court=s opinion that Appellant did not have
an absolute[2]
right to question Johnson after he properly invoked his Fifth Amendment
privilege.  See Scott, 940 S.W.2d at 358. 
The trial court properly protected Johnson=s claimed privilege.  At the same time the court did not prevent
Appellant from making an offer of proof. 
An offer of proof can be accomplished in the form of a concise statement
by counsel.  Tex. R. Evid. 103(b)[3];
Kipp, 876 S.W.2d at 334.  See also Warner v. State 969 S.W.2d 1,
2 (Tex. Crim. App. 1998) (offer of proof may be made
by question and answer or concise statement of counsel).  Appellant=s trial counsel partially completed
an offer of proof by his own statements to the court.  We see nothing in the trial court=s handling of the Johnson privilege
or the bill of exception that prevented Appellant from completing the only
viable alternative, an offer of proof by counsel=s concise statement.  We hold that under the circumstances presented,
the opportunity to make a bill of exception through counsel=s statement in lieu of question and
answer is sufficient.  The judgment is
affirmed.

August
 15, 2002                                        

 

 

DON
WITTIG, Justice

 

Before
Panel No. 5

Larsen,
Chew, and Wittig, JJ.

(Wittig, J., sitting by assignment)

 

(Do
Not Publish)

 











[1]  Chambers had
worked out her own problems with the police by assisting in over 150
arrests.  She was paid more money per
transaction when she helped arrest more people. 
(And because she assisted in the arrest of two suspects, she was paid
more.)  Usually she earned $50 per arrest
and had been paid some $10,000 cash by police.





[2]  We would
observe that an Aabsolute@ right
can only be viewed in context.  When two
fundamental rights collide and are at odds, the law must carve a careful,
narrow course, judiciously preserving the utmost of each principle.





[3]  Appellate
review of bills of exception and offers of proof were formerly governed by rule
Texas Rule of Appellate Procedure 52(b), which is now Rule 33.2.  Under the former rule, a transcription of the
reporter=s notes showing the offer, whether by concise
statement or question and answer, the objections made, and the ruling, when
included in the record certified by the reporter, established the nature of the
evidence, the objections and the ruling. 
Under the new rule, no particular form of words is required, though the
objection and ruling must still be stated with sufficient specificity to make
the trial court aware of the complaint. 
See Tex. R.
App. P. 52(a).