COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| HERBERT RICHARD ATKINS, | § | No. 08-13-00113-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 1 |
| THE STATE OF TEXAS, | § | of Parker County, Texas |
| Appellee. | § | (TC# CCLl-12-0084) |
|  | § |  |

## DISSENTING OPINION

I respectfully dissent because I believe the record shows that the trial court prevented Atkins from making an offer of proof during trial. Accordingly, I would abate and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

The charged offense in this case stems from an incident involving Atkins and his former girlfriend.[1] During opening arguments, the State informed the jury that one of the three responding officers at the scene, Deputy Eric Lee, was no longer employed by the Parker County Sheriff's Office. That very day, Atkins requested the issuance of a subpoena duces tecum directing Meredith Gray, the custodian of records for the Sheriff's Office, to produce Deputy Lee's "complete PCSO personell [sic] file … including but not limited to all disciplinary documents complaints and the 'F-5' form sent to TCLEOSE[.]" The subpoena was served on Gray the following morning and she appeared in court later that morning with the records.

---

[1] Atkins was also charged with assault, and both charges were tried concurrently.

Earlier that morning, before Gray appeared in court, the State had called the other two responding officers, Deputy William Chance Kirk and Sergeant Rick Crosley, as witnesses in its case-in-chief. Both testified Lee was the primary deputy at the scene, had written a report, and was no longer employed by the department. Kirk further explained Lee had been terminated. When Kirk was asked by Atkins's counsel why Lee had been terminated, the following exchange occurred:

> [PROSECUTOR]: Objection, relevance, Your Honor.
>
> [TRIAL COURT]: Sustained.
>
> [DEFENSE COUNSEL]: Can we have an opportunity to have an offer of proof at some other point in time regarding that issue, Judge?

The trial judge did not respond and, instead, questioned Kirk, who testified Lee had been terminated because "he was showing up late to work" and for no other reason. Atkins's counsel moved on.

After the State rested, Atkins's counsel requested, and the trial court granted, a break "for the defense to get their case together and see what they're going to do." Upon returning from the break and out of the presence of the jury, counsel alerted the trial judge that Gray was refusing to turn over Deputy Lee's employment records to him. Counsel argued "we have a right to see why the lead deputy was fired." The State responded by asking the trial judge for the opportunity to file a motion for protective order on the ground that the records were irrelevant. The following exchange then ensued:

> [TRIAL COURT]: Y'all both stop the arguing. I don't want to hear another angry word. I'm serious. This is childish. I want to hear what she has to say and then I'll decide.

…

2

[TRIAL COURT]: In talking to the lawyers it sounds like the only thing they really need is to know why the deputy lost his job. Can you look through there and tell us why he was canned?

[GRAY]: He was terminated at will.

[TRIAL COURT]: Any reason given?

[GRAY]: Not in his termination paperwork, no, sir. The actual separation paperwork for the county says at will termination. And I believe the letter just says that his services were no longer needed.

[TRIAL COURT]: Okay. Is there any complaints in there about him being not truthful or anything else that would be used in the defense of a criminal case?

[GRAY]: Not to my knowledge, Your Honor. Not anything regarding truthfulness. I haven't, of course, looked at every document. I don't recall there being anything like that in his history.

[TRIAL COURT]: Okay. For the record, I have known Meredith Gray since before she was Meredith Gray. And I impart a high degree of credibility to what she's telling me and her review of the records. I'm not going to allow any further review of Deputy Lee's personnel records. She's explained why he was terminated and what's in the file. And as far as I'm concerned, that's the extent of her testimony.

Defense counsel then requested "that the records be made -- marked as an exhibit for the reporter's record for purpose of appeal, if necessary." The trial court denied the request on the basis that the records were irrelevant.

## RESTRICTION ON OFFER OF PROOF

Atkins claims the trial court erred when it denied him the "absolute right to make an offer of proof regarding excluded evidence." I agree.

The right to make an offer of proof to preserve excluded testimony for appeal is absolute, and a trial court errs by denying a party the opportunity to exercise this right. *Spence v. State*, 758 S.W.2d 597, 599 (Tex.Crim.App. 1988), *cert. denied*, 499 U.S. 932, 111 S.Ct. 1339, 113

L.Ed.2d 271 (1991); TEX.R.EVID. 103(c)("The court *must allow* a party to make an offer of proof outside the jury's presence as soon as practicable—and before the court reads its charge to the jury."). [Emphasis added]. To invoke this right, it is axiomatic that a party complaining he was precluded from making an offer of proof under Rule 103 must first attempt to present the excluded evidence at trial and, if an objection to the proffered evidence is sustained, must then make an offer of proof. *See* TEX.R.EVID. 103(a)("A party may claim error in a ruling to ... exclude evidence ...."), (a)(2)("if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context.").

When the colloquies depicted above are viewed in the context of the entire proceedings, it is apparent Atkins attempted to present Deputy Lee's employment records at trial, the trial judge excluded them, Atkins asked to make an offer of proof, and the trial judge denied the request. Atkins subpoenaed the records after learning Deputy Lee was no longer a peace officer, and when the trial court initially denied him the opportunity to address the issue of Deputy Lee's termination, he alerted the trial judge he intended to make an offer of proof later at trial, undoubtedly referring to the employment records. Significantly, at the conclusion of the State's case-in-chief, Atkins informed the trial judge he needed a break, as indicated by the State on appeal, to determine "whether [he] was going to put on any evidence in the trial[,]" presumably including the subpoenaed records. When Atkins indicated he had a right to review the records Gray was refusing to turn over to him, the State responded by arguing it was entitled to a protective order. But neither party was given the opportunity to advocate its position. Instead, the trial judge told the parties he would determine whether the records were relevant, *i.e.*, admissible, after he questioned Gray. By declaring at the end of his examination of Gray, "I'm

4

not going to allow any further review of Deputy Lee's personnel records[,]" the trial judge foreclosed their admission into evidence. It was then that Atkins made the offer of proof by asking that the employment records "be ... marked as an exhibit for the reporter's record for purpose of appeal[.]" The trial court, however, denied the request, thereby preventing Atkins from making an offer of proof under Rule 103.

The State counters that "since …evidence [on the issue of Deputy Lee's termination] was not excluded during the course of the trial, there is no complaint for appellate review, and an offer of proof is not relevant." The State appears to argue Atkins cannot complain about being prevented from making an offer of proof to preserve excluded evidence because the trial judge provided him with the answers to his queries regarding Deputy Lee's termination. Putting aside for the moment Gray's caveat that she didn't look at every document in Deputy Lee's employment records, for purposes of what can be preserved in the appellate record, it is immaterial that the trial judge adduced testimony regarding the circumstances surrounding Deputy Lee's termination. When, as here, the trial judge excludes evidence, an appellant has the absolute right to place that evidence into the record for appellate review. *Spence*, 758 S.W.2d at 599.

The State also argues the trial judge did not prevent Atkins from making an offer of proof because the trial judge's examination of Gray constituted an offer of proof under Rule 103. The State's argument, however, ignores the plain language of Rule 103(c): "The court *must allow* a party to make an offer of proof outside the jury's presence as soon as practicable—and before the court reads its charge to the jury." [Emphasis added]. TEX.R.EVID. 103(c). On its face, this language makes clear that the offering party, not the trial judge, bears the responsibility for

5

making and overseeing an offer of proof.

In sum, I would find the trial court erred by precluding Atkins from making an offer of proof regarding Deputy Lee's employment records.

**DISPOSITION**

Atkins prays that this cause be reversed and remanded for a new trial. But the customary remedy for this type of error is to abate the appeal and remand to the trial court for a hearing to permit counsel to develop the appellate record. *Spence*, 758 S.W.2d at 599-600; *Andrade v. State*, 246 S.W.3d 217, 226 (Tex.App.--Houston [14th Dist.] 2007, pet. ref'd). This is because "remand, rather than a reversal, best fulfills the ends of justice in that appellant is being provided all relief requested, *i.e.*, an opportunity to perfect his record." *Spence*, 758 S.W.2d at 600.

Citing *Andrade v. State*, the State asserts we should not permit Atkins to supplement the appellate record with Deputy Lee's employment records because Atkins has not claimed on appeal that the trial court erred by excluding them. *See Andrade*, 246 S.W.3d at 226-27 (concluding trial court's error preventing appellant from making an offer of proof regarding the testimony of the detective investigating the murder was harmless because appellant had not raised an issue on appeal regarding the excluded testimony, thus making abatement futile). But contrary to the State's assertion, Atkins does argue on appeal that the trial court erred in excluding Deputy's Lee's employment records from evidence because they were relevant to show a fact of consequence in his case:

> Due to the trial court's ruling, [he] is outright denied his opportunity to show on appeal the existence of relevant and significant issues regarding the Deputy's departure from the Sheriff's Office. These issues could have bearing on the appeal; namely, the possibility that his termination was influenced by his performance in the investigation into this case.

6

The State also asserts we should not permit supplementation because "there is nothing to indicate that … [the] record[s] would yield any evidence that was material, relevant, and admissible to this case." That may well be. But "[q]uestions of materiality and relevancy have no effect on what can be preserved for purposes of the appellate record. A relevancy analysis is solely applicable to what is to be admitted into evidence, and when the court excludes evidence, the appellant has an absolute right to place that same 'irrelevant' evidence into the record for appellate review." *Spence*, 758 S.W.2d at 599.

## CONCLUSION

Based on the foregoing, I would abate the appeal, and remand to the trial court for a hearing to allow Atkins to include Deputy Lee's employment records in the appellate record.

YVONNE T. RODRIGUEZ, Justice

June 3, 2015

Before McClure, C.J., Rodriguez, J., and Larsen, J. (Senior Judge)
Larsen, J. (Senior Judge), sitting by assignment

(Do Not Publish)

7