Opinion issued August 27, 2024



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00197-CR

———————————

**DESHAWN FORTEE BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1630565**

---

## MEMORANDUM OPINION

Deshawn Fortee Brown was convicted of felony murder for the death of Devin Francis. Both Brown and Francis were in a car that ran a red light in front of a deputy constable and sped away to evade arrest, stopping only when their car hit another car and crashed into a concrete pillar under a highway overpass. Francis died from

the injuries he sustained in the crash. Brown maintained that he was not driving the car and that he did not see the deputy constable attempting to pull the car over.

After Brown's conviction, his appellate attorney filed a motion for new trial but inadvertently scheduled the hearing on the motion 76 days after the trial court imposed Brown's sentence, which was after the trial court lost jurisdiction. Brown now appeals his conviction based on errors that occurred with the failed motion for new trial. For the reasons explained below, we affirm.

## BACKGROUND

According to Harris County Deputy Constable M. Buenrostro, who testified at trial, he saw a black Ford Fusion run a red light through an intersection. Buenrostro turned on his emergency lights and siren, followed the car, and tried to make a traffic stop. The car "took off at a very high rate of speed." Although the speed limit in that zone was 35 miles per hour, Buenrostro reached a speed of 80 miles per hour trying to catch up with the Ford Fusion. The Ford Fusion continued to speed away and ran another red light through an intersection, where it collided with an SUV driving through the same intersection. The Ford Fusion finally stopped when it hit a concrete pillar underneath a highway overpass.

Buenrostro exited his car and walked up to the Ford Fusion to render aid. He saw Brown, the defendant, in the driver's seat of the Ford Fusion. He then saw Brown crawl from the driver's seat to the backseat of the car and exit the car from

2

the rear driver's side window, with help from a bystander and another deputy at the scene.

Buenrostro saw Francis, the complainant, in the passenger's seat of the Ford Fusion, with his head and back against the passenger's side door and his legs across the center console. Francis was not able to exit the car on his own as he appeared to be slipping in and out of consciousness, and he was extracted from the car by EMS responders. Francis later died from his injuries.

The Harris County District Attorney's office indicted Brown for the offense of felony murder. *See* TEX. PENAL CODE § 19.02(b). The indictment alleged that, while Brown was committing the felony offense of evading arrest in a motor vehicle, he committed an act clearly dangerous to human life—running a red light—and caused Francis's death.

Brown pleaded not guilty, and his case was tried to a jury over two days. The jury found Brown guilty of the charged offense, and the trial court sentenced him to 30 years in prison.

After Brown's sentencing, he was appointed new counsel to represent him on appeal. His appellate counsel timely filed a motion for new trial based on the

ineffective assistance of Brown's trial counsel for failing to properly investigate the case, prepare for trial, or advance the defense that Brown was not driving.[1]

Brown's appellate counsel scheduled a hearing on the motion for new trial on the 76th day after the trial court imposed Brown's sentence—one day after the trial court lost jurisdiction to rule on the motion. *See* TEX. R. APP. P. 21.8(a), (c); *Flores v. State*, 679 S.W.3d 695, 697 (Tex. Crim. App. 2023). Counsel explained the scheduling error was inadvertent:

> I'd like to make clear that if I'm in error in my math—and I may have been in agreeing to this date as the hearing date—then I've been ineffective. All right. And I provided deficient performance by agreeing to this date.

> And I want to make that clear on the record that that's my failure to agree to this date which I—I had originally wanted the date set a week earlier. We agreed to set [the hearing] to this week because the State had scheduling issues last week.

> But my understanding at the time was that we were within jurisdictional boundaries today; and if I miscounted, then that's my failure.

The trial court concluded that it was without jurisdiction to rule on the motion for new trial. Brown's appellate counsel asked multiple times to make an offer of

---

[1] Brown raised two other grounds in his motion, but he has not raised those issues on appeal, and therefore, he has waived those issues. *See, e.g.*, *Thomas v. State*, 615 S.W.3d 552, 558 n.3 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (noting that, because appellant did not raise on appeal certain issues stated in her motion for new trial, she waived those issues).

proof to show the witnesses he would have called and what their testimony would have been. The trial court denied each request.

Brown now appeals his conviction in three issues based on the failed motion for new trial. He claims: (1) the trial court erred in denying his motion for new trial without a hearing; (2) he received ineffective assistance of counsel because his counsel inadvertently set the new-trial hearing on a date after the trial court lost jurisdiction to rule on the motion; and (3) the trial court erred by denying his counsel's request to make an offer of proof to make a record for appeal.

## DISCUSSION

### *Ineffective Assistance of Counsel*

The Sixth Amendment of the United States Constitution guarantees an accused the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (stating that right to counsel "does not provide a right to errorless counsel, but rather to objectively reasonable representation"). To show ineffective assistance of counsel, a defendant must demonstrate that both: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Lopez*, 343 S.W.3d at 142. Reasonable probability is a "probability

sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The defendant bears the burden to establish both prongs, and failure to establish one prong prohibits a finding that the representation was ineffective. *Lopez*, 343 S.W.3d at 142; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

An ineffective-assistance claim can be raised in a motion for new trial or for the first time on appeal. *See Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009); *Robinson v. State*, 16 S.W.3d 808, 812–13 (Tex. Crim. App. 2000).

## A. Denying Motion for New Trial without Hearing

In his first issue, Brown claims the trial court erred by denying his motion for new trial without a hearing. In his motion for new trial, he argued that his trial counsel was ineffective for failing to properly investigate his case, specifically by failing to investigate his defense that he was not driving the car at the time of the accident.

### *Applicable Law and Standard of Review*

"A defendant has a right to file a motion for a new trial." *Cooks v. State*, 190 S.W.3d 84, 86 (Tex. App.—Houston [1st Dist.] 2005), *aff'd*, 240 S.W.3d 906 (Tex. Crim. App. 2007); *see also* TEX. R. APP. P. 21.4. But a defendant does not have an absolute right to a *hearing* on a motion for new trial. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993).

A defendant is entitled to a hearing on his motion for new trial if the motion and any accompanying affidavits "rais[e] matters not determinable from the record, upon which the accused could be entitled to relief." *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003) (quoting *Reyes*, 849 S.W.2d at 816). The motion and affidavits do not need to establish a prima facie case for a new trial, only that "reasonable grounds exist" for granting a new trial. *Id.* (quoting *Martinez v. State*, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002)).

We review the denial of a hearing on a motion for new trial for an abuse of discretion. *Id.* "When an accused presents a motion for new trial raising matters not determinable from the record, which could entitle him to relief, the trial judge abuses his discretion in failing to hold a hearing." *Martinez*, 74 S.W.3d at 21 (quoting *King v. State*, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000)).

To obtain a hearing on a new-trial motion based on the ineffective assistance of counsel, a defendant must allege sufficient facts that could reasonably show both prongs of the *Strickland* test, that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88, 694; *Smith*, 286 S.W.3d at 341; *Riggins v. State*, No. 01-22-00334-CR, 2023 WL 5616199, at *7 (Tex. App.—Houston [1st Dist.] Aug. 31, 2023, no pet.).

7

To establish the first *Strickland* prong for an ineffective-assistance claim based on the failure to investigate, the defendant must show counsel violated his duty to make reasonable investigations or to reasonably determine that a particular investigation is unnecessary. *See Strickland*, 466 U.S. at 691; *Caballero v. State*, No. 01-19-00878-CR, 2023 WL 2718466, at *11 (Tex. App.—Houston [1st Dist.] Mar. 31, 2023, pet. ref'd). We assess counsel's decision not to conduct a particular investigation for "reasonableness in all the circumstances," giving a "heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.

To establish the second *Strickland* prong for an ineffective-assistance claim based on the failure to investigate, the appellant must show what the investigation would have revealed that reasonably could have changed the outcome. *See Caballero*, 2023 WL 2718466, at *11. We compare the evidence presented at trial with the evidence the jury did not hear because of counsel's failure to investigate. *Id.*

### Analysis

In his motion for new trial, Brown claimed he received ineffective assistance of counsel based on his counsel's failure to properly investigate his case. Brown attached to the motion affidavits from a friend and several family members who offered their opinions that Brown was not driving at the time of the accident, mainly based on photos taken after the accident. He argued the affidavits showed that

8

several witnesses could have testified at trial and advanced the defense that he was not driving, instead of the ultimately unsuccessful defense his trial counsel chose—that Brown was driving but not seeking to evade the police.

Brown's motion raised a matter not determinable from the record: whether his counsel failed to properly investigate his case. *See Wallace*, 106 S.W.3d at 108 (stating defendant is entitled to hearing on motion for new trial when he raises matters not determinable from record that could entitle him to relief). We must determine whether this matter could entitle him to relief by establishing that reasonable grounds existed for the trial court to grant a new trial based on the ineffective assistance of counsel. *See id.* We conclude his motion for new trial failed to do so.

We begin with the second prong of the *Strickland* ineffective-assistance test because it is determinative. *See Caballero*, 2023 WL 2718466, at *11 (to establish second prong of *Strickland* test based on failure to investigate, appellant must show what facts investigation would have revealed that reasonably could have changed outcome of trial). Brown argued in his motion that the attached affidavits from several potential witnesses showed these witnesses could have testified that he was not driving when the car crashed. We must compare this potential evidence with the evidence the State presented at trial. *See id.*

Brown attached four affidavits to his motion for new trial: one from a friend, one from his sister, one from his wife, and one from his mother. Each affidavit stated the affiant had reviewed photos of the inside of the car after the crash, and each affiant identified Brown's shoes and cell phone on the passenger side of the car. Each affiant stated these details were consistent with what the affiant understood about the car crash: the Ford Fusion belonged to Francis and Brown never drove it. Additionally, Brown's friend said that he saw Francis driving the car earlier on the day of the crash, and he also saw Brown get into the passenger side of the car that day. Altogether, the affidavits presented opinion testimony about the facts of the car crash from laypersons who did not witness the event.

In contrast, at trial the State presented strong evidence that Brown was driving at the time of the car crash.

Harris County Deputy Constable M. Buenrostro testified at trial. He saw the Ford Fusion run a red light, and he attempted to pull the car over. He pursued the car when it did not pull over, and he saw the fatal car crash. He testified that immediately after the crash, he walked over to the car and saw Brown in the driver's seat. His dash cam video confirmed that Brown appeared to be in the driver's seat and exited the car through the rear driver's side window. Buenrostro also testified that he walked over to the other side of the car and saw Francis in the passenger's seat, with his back to the passenger's side door.

Deputy Constable T. Fields, who responded to the scene, also testified at trial. He said that when he approached the car after the crash, he saw Brown in the driver's seat trying to climb out the back window and Francis in the passenger's seat, with his back to the passenger's side door. He testified that Francis was unconscious.

Marcel Weigel, a forensic analyst, testified and provided a DNA analysis of the blood stains on the car's airbags. Brown's DNA, along with that of three other people, was found on the driver's steering wheel airbag. Brown's DNA was also found on two of the driver's side curtain airbags. However, Brown's DNA, along with that of at least three others, was also found on the passenger's side airbag. But on another part of the passenger's side airbag, as well as on the two passenger's side curtain airbags, there was DNA from a single, unknown male contributor. Brown was excluded as a possible contributor to the DNA on those passenger's side airbags. Weigel testified this evidence was consistent with Brown being in the driver's seat and Francis being in the passenger's seat. He acknowledged the other contributors to the driver's side airbags may have been the people who helped pull Brown out of the car. He also acknowledged that Brown may have touched the passenger's side airbag as he was climbing out of the car.

The jury also heard testimony from O. Bledsoe, an investigator at the Harris County District Attorney's office, former law enforcement officer, and accident reconstruction expert. He explained that, even though neither Brown nor Francis was

11

wearing a seatbelt, it was not possible for them to have switched seats during or after the crash. During the crash, it was possible they were moved around, but there could not have been "a swapping of seats." The driver could have landed on top of the passenger, but they could not have both switched seats. After the crash, Bledsoe observed in the dash cam video that the person moving out of the driver's seat was moving so slowly there was no time for him to have switched seats with the passenger in the approximately 20 seconds before Deputy Buenrostro arrived at the car and saw Brown in the driver's seat. He also testified that, based on the dash cam video, which shows Brown looking out of the driver's side window, "the only way he could be looking out of it is by sitting in that driver's seat."

In sum, Brown's new-trial motion presented lay testimony from friends and family who did not witness the car crash and their opinions that Brown was not driving based on photos taken after the crash. In contrast, the State presented evidence from multiple law enforcement officers who either witnessed the accident or responded immediately after, along with forensic and reconstruction experts, all of whom testified Brown was driving. In light of the State's evidence presented at trial, Brown's evidence attached to his new-trial motion, even if it had been introduced at trial, likely would not have changed the outcome. *See id.* at *11. Thus, Brown has not alleged facts to show the second prong of the *Strickland* test, that but

12

for his trial counsel's errors, the result of his trial would have been different. *See Strickland*, 466 U.S. at 694.

Because he failed to allege facts to show the second prong of the *Strickland* test, Brown's new-trial motion did not establish reasonable grounds to grant a new trial based on ineffective assistance of counsel. *See Wallace*, 106 S.W.3d at 108. Therefore, Brown was not entitled to a hearing on his new-trial motion, and the trial court did not abuse its discretion in failing to hold one, even though the failure was inadvertent. *See id.*; *cf. Martinez*, 74 S.W.3d at 21 (stating trial court abuses its discretion in failing to hold hearing on new-trial motion when accused presents motion that could entitle him to relief). We overrule Brown's first issue.

## B.    Ineffective Assistance of Counsel Based on Scheduling Error

In his second issue, Brown alleges his appellate counsel was ineffective for inadvertently setting the hearing on his motion for new trial for a date after the trial court lost jurisdiction to rule on the motion.

### *Applicable Law and Standard of Review*

An appellant may raise for the first time on appeal a claim for ineffective assistance of counsel. *See Robinson*, 16 S.W.3d at 812–13; *Brooks v. State*, 357 S.W.3d 777, 790 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). An allegation of ineffectiveness "must be firmly founded in the record," and the record must "affirmatively demonstrate" the alleged ineffectiveness. *Brooks*, 357 S.W.3d at 791.

As with other ineffective-assistance claims, the appellant must establish both prongs of the *Strickland* test. *Id.* at 790; *see also Strickland*, 466 U.S. at 687–88, 694.

When a defendant files a motion for new trial, the trial court must rule on the motion within 75 days after imposing or suspending the defendant's sentence in open court. TEX. R. APP. P. 21.8(a). If the trial court does not do so, the motion is overruled by operation of law when the 75-day period expires. TEX. R. APP. P. 21.8(c). Once the motion is overruled by operation of law, the trial court loses jurisdiction to rule on it. *Flores*, 679 S.W.3d at 697. Because jurisdiction is a systemic requirement, any action a trial court takes without jurisdiction is void. *Id.*

### *Analysis*

Brown's appellate counsel scheduled the hearing on the motion for new trial on the 76th day after the trial court imposed Brown's sentence, after the motion had been overruled by operation of law and the trial court lost jurisdiction to rule on it. *See* TEX. R. APP. P. 21.8(c); *Flores*, 679 S.W.3d at 697. Brown's counsel admitted on the record that he miscounted and mistakenly agreed to that date. He admitted the error was his mistake and that he had provided ineffective counsel as a result. Even assuming his admission established the first prong of the *Strickland* test,[2] we

---

[2]   *See Belcher v. State*, 93 S.W.3d 593, 596–97 (Tex. App.—Houston [14th Dist.] 2002, pet. dism'd) (concluding counsel's performance was deficient, and thus first prong of *Strickland* test was satisfied, when counsel failed to speak up or correct trial court when trial court announced it was planning to rule on motion for new trial on date that fell after 75-day deadline).

conclude the record does not affirmatively demonstrate the second prong of the *Strickland* test, that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694; *Brooks*, 357 S.W.3d at 791.

As we concluded above, Brown's motion for new trial and supporting affidavits did not establish reasonable grounds to grant a new trial. Thus, the record does not affirmatively show the trial court would have granted Brown a new trial if the hearing had been held before the expiration of the 75-day deadline. *Cf. Belcher v. State*, 93 S.W.3d 593, 596–97 (Tex. App.—Houston [14th Dist.] 2002, pet. dism'd) (concluding appellant established second *Strickland* prong where record showed trial court granted new trial but inadvertently did so after 75-day deadline). Therefore, Brown did not establish the second prong of the *Strickland* test, and his ineffective-assistance claim fails. *See Brooks*, 357 S.W.3d at 790 (explaining appellant must establish both prongs of *Strickland* test to establish ineffective assistance). We overrule Brown's second issue.

## C. Denying Request to Make Offer of Proof

Lastly, Brown argues the trial court erred by denying his appellate counsel's request to make an offer of proof during what would have been the hearing on his motion for new trial.

*Applicable Law and Standard of Review*

The Court of Criminal Appeals has said the right to make an offer of proof is absolute. *Kipp v. State*, 876 S.W.2d 330, 333 (Tex. Crim. App. 1994); *Spence v. State*, 758 S.W.2d 597, 599 (Tex. Crim. App. 1988). Thus, a trial court has no discretion to refuse a request to make an offer of proof. *Anderson v. State*, 665 S.W.3d 743, 759 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd).

When the trial court does refuse, that error is subject to a non-constitutional harm analysis. *Id.*; TEX. R. EVID. 103(a) (stating that party may claim error in ruling to admit or exclude evidence "only if the error affects a substantial right of the party" and party informs court of substance of excluded evidence by offer of proof); *see also* TEX. R. APP. P. 44.2(b) (any error that does not affect substantial rights must be disregarded); *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002) (explaining that Texas Rule of Evidence 103(a) applies to error in admitting or excluding evidence but standard of review under that rule is identical to non-constitutional error analysis under Texas Rule of Appellate Procedure 44.2(b)); *Williams v. State*, 964 S.W.2d 747, 753 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (applying harmless-error analysis to erroneous refusal to allow party to make offer of proof). The remedy for this type of error, when it affects a defendant's substantial rights, is to abate the appeal to allow counsel to develop the appellate

record. *See Spence*, 758 S.W.2d at 599–600; *Rodriguez v. State*, 90 S.W.3d 340, 363 (Tex. App.—El Paso 2001, pet. ref'd).

Ordinarily, to preserve error in excluding evidence a party must make an offer of proof, unless the substance of the evidence was apparent from the context. TEX. R. EVID. 103(a)(2); *Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009). However, error is preserved and the defendant's substantial rights are not affected by the trial court's refusal of an offer of proof when the record clearly shows the substance of what the defendant wanted to preserve for appeal. *See Fox v. State*, 115 S.W.3d 550, 559 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (stating offer of proof not necessary to preserve error when content of evidence is apparent from context); *Williams*, 964 S.W.2d at 753 (holding trial court's error in refusing offer of proof "was harmless" because context made clear "exactly what [defendant] wanted to preserve for appeal").

### *Analysis*

Assuming the trial court's refusal of Brown's offer of proof was erroneous in light of Brown's absolute right to make an offer of proof, the error was harmless because it is clear from the record what the offer of proof would have shown. *See Kipp*, 876 S.W.2d at 333; *Williams*, 964 S.W.2d at 753. Brown sought a new trial on three grounds, and he attached affidavits to his new-trial motion in support of those grounds. The affidavits are included in the appellate record and show the evidence

Brown would have offered in support of his new-trial motion. And, as we have already concluded, Brown's motion for new trial and supporting affidavits did not establish that he was entitled to a hearing on the motion—he did not establish reasonable grounds to grant a new trial.

The record also indicates Brown had subpoenaed additional witnesses to attend the hearing, but the record does not indicate the substance of these witnesses' testimony. However, Brown would not have been allowed to present additional evidence beyond the scope of his new-trial motion because he would not have been allowed to amend his motion to add new evidence on that date. *See* TEX. R. APP. P. 21.4(a), (b) (stating that motion for new trial must be filed or amended within 30 days of date sentence is imposed); *Klapesky v. State*, 256 S.W.3d 442, 455 (Tex. App.—Austin 2008, pet. ref'd) (filing new evidence in support of new-trial motion more than 30 days after sentence imposed is untimely attempt to amend motion); *Licon v. State*, 99 S.W.3d 918, 926 (Tex. App.—El Paso 2003, no pet.) (stating evidence presented to trial court in support of untimely amended motion cannot be considered part of record on appeal). Thus, any additional evidence Brown would have presented beyond the scope of his new-trial motion could not be considered part of the appellate record anyway.

Any error in refusing the offer of proof was harmless. *See Williams*, 964 S.W.2d at 753 (holding error in refusing offer of proof was harmless because context

made clear what evidence defendant intended to preserve). Therefore, we overrule Brown's third issue.

## CONCLUSION

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Landau, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).